Abrams, Fensterman, Fensterman,
Eisman, Greenberg, Formato & Einiger, LLP
Todd C. Rubenstein (TR8884)
Attorneys for Defendants
1111 Marcus Avenue
Suite 107
Lake Success, New York 11042
(516) 328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Docket No.: 08 CIV 7342 (PKC)
LUTHER R. MUNOZ, JR.,

                                              Plaintiff,   **ANSWER WITH
AFFIRMATIVE DEFENSES**

    -against-

JUAN S. PEREZ-GUILLEN and NEW ENGLAND
MOTOR FREIGHT, INC.,

                                          Defendant(s).
------------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that the above-named defendants, JUAN S. PEREZ-GUILLEN and NEW ENGLAND MOTOR FREIGHT, INC. ("answering defendants"), hereby interpose the following answer and affirmative defenses to the plaintiff's Verified Complaint:

      1.    Answering defendants deny information and/or knowledge sufficient to form a belief as to the allegations contained in paragraph marked "1" of plaintiff's Complaint, and therefore deny same.

      2.    Answering defendants deny each and every allegation contained in paragraphs marked "4", "5", "8", "9", "10", "11", "12" and "15" of plaintiff's Complaint.

3. Answering defendants deny each and every allegation contained in paragraphs marked "13" and "14" of plaintiff's Complaint, and leave all questions of law to the Court.

4. Answering defendants deny each and every allegation contained in paragraph marked "6" of plaintiff's Complaint, except admit that on February 2, 2007 Juan S. Perez-Guillen was the operator of a tractor bearing license plate number AC436V issued by the State of New Jersey.

5. Answering defendants deny each and every allegation contained in paragraph marked "7" of plaintiff's Complaint, except admit that on February 2, 2007, New England Motor Freight, Inc. was the owner of tractor bearing license plate number AC436V issued by the State of New Jersey.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

6. The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

7. The Complaint filed herein fails to state a cause of action as against these answering defendants upon which relief can be granted.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

8. That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

**AND AS FOR A FOURTH AFFIRMATIVE DEFENSE**

9.   The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

10.   The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and his exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

11.   The plaintiff's cause of action is barred by Article 15 §5104 of the Insurance Law of the State of New York.

**AND AS FOR A FIFTH AFFIRMATIVE DEFENSE**

12.   The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in his complaint.

**AND AS FOR A SIXTH AFFIRMATIVE DEFENSE**

13.   Although the defendants deny the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom these answering defendants had no control or responsibility.

**AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE**

14.   That the plaintiff herein was guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars plaintiff's Right of Recovery in proportion to which the said culpable conduct or negligence attributable to Plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff was caused in whole or in part by the assumption of risk of the plaintiff.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to obtain jurisdiction over defendant Juan S. Perez-Guillen and/or New England Motor Freight, Inc.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE

16. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

### AND AS FOR A TENTH AFFIRMATIVE DEFENSE

17. The injuries and damages which are the subject of the plaintiff's complaint were, in whole or in part, caused by the plaintiff's failure to wear or utilize the appropriate safety belt restraint device.

### AND AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint does not comply with C.P.L.R. §3017(c) and must be dismissed and/or stricken as to the improper paragraphs and content.

4

**WHEREFORE**, defendants, JUAN S. PEREZ-GUILLEN and NEW ENGLAND MOTOR FREIGHT, INC., demand judgment against plaintiff dismissing the Verified Complaint against these answering defendants, together with all costs and disbursements of this action.

Dated: Lake Success, New York
      August 27, 2008

                      Yours, etc.

                      _____
                      By: Todd C. Rubenstein (TR 8884)
                      Abrams, Fensterman, Fensterman, Eisman,
                      Greenberg, Formato & Einiger, LLP
                      Attorneys for Defendants
                      JUAN S. PEREZ-GUILLEN and NEW ENGLAND
                      MOTOR FREIGHT, INC.
                      1111 Marcus Avenue, Suite 107
                      Lake Success, New York 11042
                      (516) 328-2300

TO:   Alexander Bespechny, Esq.
        Attorney for Plaintiff
        2931 Westchester Avenue
        Suite 200
        Bronx, New York 10461
        (718) 792-4800

## CERTIFICATION

I hereby certify that the within Answer was served upon Alexander Bespechny, Esq. Attorney for Plaintiff, 2931 Westchester Avenue, Suite 200, Bronx, New York 10461 via First Class U.S. Mail on August 27, 2008.

                                                                             Todd C. Rubenstein (TR-8884)

Dated: Lake Success, New York
       August 27, 2008